UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
………………………………………………………………………….………x
LORENZO ELLIS

               Plaintiff,           Civ. Action No.
      -against-

                                              **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,
PATRICIA CANTINA, Principal of M.S 224

                                  **JURY TRIAL IS**
             Defendant.          **REQUESTED**

…………………………………………………………………………………….x

      Plaintiff, Lorenzo Ellis, by his attorney, Albert Van-Lare, Esq., complaining of the Defendant

alleges the following:

## JURISDICTION AND VENUE

1.      Jurisdiction lies in this Court pursuant to 28 USC § 1331.

2.      Venue is proper in this court pursuant to 28 USC § 1391.

3.      State law matters in this complaint are brought pursuant to this court's supplemental

jurisdiction to decide state law matters.

## PARTIES

4.      Plaintiff was a former employee of the City of New York.

5.      Defendant, the City of New York, was Plaintiff's employer during the relevant period.

6.      Defendant, Patricia Cantina was the Principal at M.S 224 during the relevant period.

## FACTUAL ALLEGATIONS

7.      The Defendants engaged in acts of discrimination in violation of Title VII.

8.      Plaintiff was employed by the Department of Education as a social worker from November

2015 to September 2017.

9.      Plaintiff was employed as a social worker at P.S. 385 from November 2015 to June 2016.

1

10.     Plaintiff was employed as a social worker at Intermediate School M.S. 224 by the City of New York from June 2016 until his termination in September 2017

11.     The immediate events leading up to this case began on or about February 2017 and continued until September 2017.

12.     Patricia Catania, a Caucasian woman in her late thirties, arrived as the new principal of M. S. 224 in January 2017.

13.     Plaintiff's ability to complete his tasks as a social worker became more difficult when Patricia Catania became principal of M.S. 224.

14.     There was no longer a designated private space for Plaintiff to confidentially conduct his student interviews and counselling sessions.

15.     Principal Catania forced Plaintiff to cut the number of student participants in his restorative circle which helped work on the social and emotional needs of the children involved.

16.     Principal Catania's demand that Plaintiff cut the number of students forced Plaintiff to divide students up making it difficult to properly counsel the children because each group was learning something different from the other group.

17.     At a staff held attendance meeting Principal Catania made a statement regarding the parents of the students who arrived late to school or were absent.

18.     Principal Catania said that maybe their parents were lazy.

19.     Majority of the students at M.S. 224 are minorities.

20.     Catania treated minority employees including Plaintiff and minority students different from the way she treated White employees.

21.     Catania created obstacles for minority employees and subjected them, including Plaintiff to abuse and hostile situation at work because they opposed her discriminatory approach to educational matters involving minority students.

22.     Catania singled Plaintiff out for termination because he was opposed to her discriminatory policies.

23.     On February 4, 2017 Plaintiff sent Chrisanne Petrone, the hiring manager at the Single Shepard initiative, a complaint about the conditions at M.S 224 via email.

24.     After Plaintiff submitted the email to complain about the conditions at M.S. 224 he was told by to report to the Department of Education's office at the Tweed building on February 14, 2017.

25.     Prior to the meeting, Plaintiff consulted with his UFT union representative, Mercedes Loriano.

26.     On February 14, 2017 Plaintiff met with Diana Hayes and Michael Bautista.

27.     Hayes and Bautista questioned Plaintiff.  They also told Plaintiff that all he does is send emails complaining, and if Plaintiff continue to send emails, Plaintiff was going to be fired.

28.     Hayes and Bautista told Plaintiff that they were told that Plaintiff was not completing his home visits.

29.     Plaintiff informed Hayes and Bautista that home visits were only to be done when necessary.

30.     Hayes and Bautista then informed Plaintiff that a note will be put in his file because he failed to respond to emails.

31.     Plaintiff responded by forwarding proof of emails that he responded to.

32.     Plaintiff employment was terminated September of 2017.

33.     Prior to the termination of Plaintiff's employment, Plaintiff was subjected to two (2) work evaluations.

34.     Plaintiff's first work evaluation was held in April 2017 and it was determined that his work was satisfactory.

35. Plaintiff's second work evaluation held in May 2017, two weeks after his first work evaluation, determined that his work was unsatisfactory.

36. Work evaluations are traditionally conducted with a period of one or two months between each other.

37. White employees were not subjected to this kind of work evaluations schedule where work evaluations are held within two weeks of each other.

38. Defendant Cantina, subjected Plaintiff and other minority employees to different employment conditions than the white employees.

39. Defendant Cantina treated Plaintiff differently from the other social workers who were white.

40. Defendant Cantina voiced her not wanting minority teachers and social workers working in her school.

41. Defendants' discrimination and retaliation caused Plaintiff's to suffer loss of employment and loss of salary.

42. Defendant Cantina subjected Plaintiff to retaliation and hostile work environment

43. Plaintiff is hereby charging Defendant with violation of Title VII based upon racial discrimination, hostile work environment, and retaliation.

44. Plaintiff filed a request for a Right to Sue Letter with the EEOC.

45. Plaintiff filed a request for a right to sue letter with the EEOC and Plaintiff received a right to sue letter on November 15, 2018

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

46. Paragraphs 1 thru 45 are realleged as if set forth herein verbatim and incorporated by reference.

4

47.    Defendants violated Plaintiff's rights under Article 15 of the New York Executive Law, New York Executive Law Section 296 by engaging in unlawful discriminatory practices against Plaintiff.

48.    Defendants discriminated against Plaintiff because of his race when he was subjected to unlawful discriminatory practices. The Defendants also subjected Plaintiff to hostile work environment and retaliation in violation of Article 15 of the NY Executive Law.

49.    The Defendants subjected Plaintiff to Retaliation and hostile work environment.

AS AND FOR A SECOND CAUSE OF ACTION

50.    Paragraphs 1 thru 49 are realleged as if set forth herein verbatim and incorporated by reference.

51.    Plaintiff was damaged by Defendants' ongoing actions that denied him equal terms and conditions of employment as set forth above, in violation of section 8-107.1 of the Administrative Code of the City of New York.

52.    Defendants violated Plaintiff's rights pursuant to section 8-107.1 of the Administrative Code of the City of New York when they engaged in discrimination against Plaintiff because of Plaintiff's race.

53.    Defendants also subjected Plaintiff to retaliation and hostile work environment.

AS AND FOR A THIRD CASE OF ACTION

54.    Paragraphs 1 through 53 are realleged as if set forth herein verbatim and incorporated by reference.

55.    Plaintiff was damaged by Defendants' ongoing violation of the 14th Amendment to the U.S. Constitution.  The equal protection clause of the 14th Amendment provides inter-alia; "nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

5

56.     Defendants violated the equal protection clause of the 14th Amendment when they denied Plaintiff equal protection of the law by subjecting Plaintiff to terms and conditions of employment different from those offered to employees of a different racial extraction.

## AS AND FOR A FOURTH CAUSE OF ACTION

57.     Paragraphs 1 through 56 are realleged as if set forth herein verbatim and incorporated by reference.

58.     Plaintiff was damaged by Defendants' violation of Plaintiff's federal rights.  The violation of Plaintiff's federal rights are enforced through the Civil Rights Act of 1871, 42 U.S.C §1983. The Act protects against the deprivation of Federal Constitutional Rights, and rights under federal law by persons acting under color of state or local law as Defendants did in the instant case.

59.     Defendants violated Plaintiff's federal constitutional and statutory rights when they used the power of their state offices to deny Plaintiff equal protection of the law and violated Plaintiff's federal rights as referenced in the causes of action pertaining to violation of federal statutory and constitutional rights in this complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

60.     Paragraphs 1 through 59 are realleged as if set forth herein verbatim and incorporated by reference.

61.     Plaintiff was damaged by Defendants' violation of Plaintiff's federal rights, 42 USC 1981. The violation of Plaintiff's federal rights are enforced through the Civil Rights Act of 1871, 42 U.S.C §1983.  AS AND FOR A SIXTH CAUSE OF ACTION

62.     Paragraphs 1 thru 61 are realleged as if set forth herein verbatim and incorporated by reference.

6

63.    Plaintiff was damaged by Defendants' ongoing actions that denied Plaintiff equal terms and conditions of employment as set forth above, in violation of Title VII of The Civil rights Act of 1964.

64.    Defendants violated Plaintiff's rights as provided for in Title VII when they engaged in discrimination against Plaintiff because of his race.

65.    Defendants also subjected Plaintiff to retaliation and hostile work environment.

## **RELIEF**

WHEREFORE, Plaintiff demands the following relief, jointly and severally against the Defendants or as otherwise stated:

a.  A Declaratory judgment that the conduct, practices, and acts complained of herein are discriminatory and illegal.

b.  A Declaratory judgment that Plaintiff was discriminated against on the grounds of disabilities by Defendant.

c.  An order granting damages totaling the greater of $10,000.000.00 or the amount to be proven at trial.

d.  An Order by the Court taxing the costs of this action against Defendant, including Plaintiff's attorneys' fees incurred in the prosecution of this case.

e.  An Order granting punitive damages against the Defendant.

f.  Any and all further relief in law and equity deem necessary by the Court.

Dated: February 14, 2019

Respectfully submitted,

Albert Van-Lare
The Law Offices of Albert Van-Lare
125 Maiden Lane
Suite 510
New York, NY 10038

7

(212) 608-1400

8